# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                                                 Case No: 6:23-cv-2128-WWB-EJK

**JEAN DEMESMIN, LOU LOU INVESTMENTS, LLC, H.A. CAPITAL INVESTMENTS, LLC, MCBRAYER INVESTMENT GROUP, LLC, TAMIKA MANNING, STONEYBROOK HILLS HOMEOWNERS ASSOCIATION, INC., SCOTT RANDOLPH, and SCOTT RANDOLPH, ORANGE COUNTY TAX COLLECTOR,**

      **Defendants.**

## ORDER

This cause comes before the Court on the Application by United States for Entry of Clerk's Default as to Jean Demesmin and Lou Lou Investments, LLC (the "Motion"), filed January 3, 2024. (Doc. 33.) Therein, the United States ("Government") seeks default against Defendants Jean Demesmin and Lou Lou Investments LLC. Upon consideration, the Motion is due to be granted.

### I.  BACKGROUND

The Government filed a Complaint against Defendants on November 2, 2023, seeking to collect judgment for tax liabilities and enforcement of federal tax liens

pursuant to 26 U.S.C. §§ 7401–7403. (Doc. 1.) On December 7, 2023, the Summonses and Complaint were served on Defendants Jean Demesmin ("Demesmin") and Lou Lou Investment, LLC ("Lou Lou Investment") by an individual qualified to perfect service who handed a copy of the Summonses and Complaint to Robynet Demesmin, the daughter of Demesmin, and a co-resident at Demesmin's residential address. (Docs. 20, 21.) The Government now seeks entry of a clerk's default against Defendants for their failure to appear in this case. (Doc. 33.)

## II.     STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.    DISCUSSION

Defendants have not responded to the Government's Complaint or otherwise appeared, and the time to do so has expired. Fed. R. Civ. P. 12(a) (providing that a defendant must file a responsive pleading to a complaint within 21 days after being served a copy of the summons and the complaint). The Court must now determine whether the Government perfected service on Defendants. Under the Federal Rules of Civil Procedure, an individual defendant may be served by:

> following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or doing any of the following: delivering a copy of the summons and of the complaint to the individually personally; leaving a copy of each at the individual's dwelling or usual abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)–(2)(A–C). Under Florida law, an individual may be served by:

> delivering a copy of [the summons], to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Fla. Stat. § 48.031(1)(a). According to Demesmin's most recent bankruptcy petition, a portion of which is attached to the Motion, Demesmin resides at 6204 Tremayne Drive, Mount Dora, FL 32757. (Doc. 33-1 at 3.) According to the Affidavit of Service, Demesmin's daughter, Robynet Demesmin, who is of suitable age, was served a copy of the Summons and Complaint, and informed of the contents, at the address listed above, by an individual qualified to perfect service. (Doc. 20 at 1.) Thus, the Court finds Demesmin was properly served as an individual pursuant to Florida Statute § 48.031(1)(a).

Next, the Court turns to whether proper service was effectuated on corporate defendant Lou Lou Investments. Under the Federal Rules of Civil Procedure, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Under Florida law, if the:

> [A]ddress for the registered agent or any person listed publicly by the domestic limited liability company . . . on its latest annual report, as most recently amended, is a residence . . . service on the domestic limited liability company . . . may be made by serving any of the following: [t]he registered agent of the domestic limited liability company or registered foreign limited liability company, in accordance with s. 48.031.

Fla. Stat. § 48.062(5)(a). According to Florida public records, 6204 Tremayne Drive, Mount Dora, FL 32757 is Lou Lou Investments' principal place of business.[1] Since Lou Lou Investments' principal place of business is Demesmin's residential home address, the process server effectuated proper service the same day she served Demesmin by leaving a copy of the Summons and Complaint with Demesmin's

---

[1] *Detail of Entity Name of Lou Lou Investments, LLC*, Division of Corporations, an official State of Florida website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=LOULOUINVESTMENTS%20L160001159980&aggregateId=flal-l16000115998-c30078be-1e16-4d22-9771-9df7cc9eb54c&searchTerm=Lou%20Lou%20Investments%2C%20LLC&listNameOrder=LOULOUINVESTMENTS%20L070000367140. (last visited Mar. 8, 2024).

daughter, Robynet Demesmin, pursuant to Florida Statute § 48.062(5)(a). (Doc. 22 at 1.) Therefore, as Defendants were properly served on December 7, 2023, in compliance with the Federal Rules of Civil Procedure and Florida law, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. The Motion (Doc. 33) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter a default against Defendants Jean Demesmin and Lou Lou Investments, LLC.

**DONE** and **ORDERED** in Orlando, Florida on March 12, 2024.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE