UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 **Case No: 6:23-cv-2128-JSS-EJK**

JEAN DEMESMIN, LOU LOU
INVESTMENTS, LLC, and
TAMIKA MANNING,

        Defendants.

REPORT AND RECOMMENDATION

This cause comes before the Court on the following filings: Motion by United States for Default Judgment against Tamika Manning, filed March 4, 2024. (Doc. 42); Motion by United States for Default Judgment Against Jean Demesmin and Lou Lou Investments, LLC, filed March 4, 2024 (Doc. 43); and Motion by United States for Final Judgment, filed March 4, 2024 (Doc. 44) (collectively the "Motions"). Upon consideration, I respectfully recommend that the Motions be granted.

I.      BACKGROUND

A. Factual Allegations

While a "default is not treated as an absolute confession by the defendant of [its] liability and of the plaintiff's right to recover," a defaulted defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v.*

*Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1] Accordingly, the Complaint (Doc. 1) alleges the following facts, which are assumed to be true:

Beginning in 2010, Jean Demesmin owned and operated several tax return preparation stores that produced thousands of fraudulent federal income tax returns and generated substantial profit for Demesmin. (Doc. 1 ¶ 10.) This scheme caused significant losses to the federal treasury and resulted in Demesmin understating his own income, for tax purposes, by millions of dollars. (*Id.* ¶ 11.) The scheme was accomplished by Demesmin, or his employees, inputting false information on individuals' tax returns to receive the maximum Earned Income Tax Credit.[2] In 2011, the Internal Revenue Service ("IRS") began investigating Demesmin and his companies that were generating these fraudulent returns. (*Id.* ¶ 15.) An audit by the IRS discovered that the false information contained in the returns prepared by Demesmin's companies included: false filing statuses, fictitious Schedule C businesses with fabricated income and expenses, unwarranted education credits, grossly inflated federal tax withholdings, and sham fuel tax credits. (*Id.* ¶ 14.) In September 2014, the United States filed a complaint against Demesmin and his companies, and on September 7, 2016, the government obtained a consensual permanent injunction against Demesmin and his companies, resulting in the forced cessation of Demesmin's

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] The Earned Income Tax Credit is a refundable tax credit intended for certain low-income taxpayers that can produce a refund even when no taxes are owed or paid. (Doc. 1 ¶ 15.)

tax return preparation businesses. (*Id.* ¶ 17.) Additionally, the government obtained a judgment requiring Demesmin to disgorge $1 million dollars in illicit profits to the United States. (*Id.*)

The IRS also assessed a $108,000 penalty against Demesmin pursuant to IRC § 6701 for aiding in the preparation of 108 false tax returns. (*Id.* ¶ 18.) The United States seeks a final judgment for this penalty in this action. The United States also seeks a final judgment in this action against Demesmin for federal income tax liabilities for the 2011, 2012, 2013, and 2014 tax years. (*Id.* ¶ 19.) The IRS alleges that Demesmin owes, at minimum, the following tax deficiencies: $279,000 for 2011, $796,000 for 2012, $1,051,000 for 2013, and $532,000 for 2014. (*Id.*) With interest and penalties, the United States represents that Demesmin's total debt owed to the United States for his incurred tax liabilities is $7,991,358.13. (*Id.* ¶ 29.) On June 17, 2016, during the pendency of the litigation over Demesmin's fraudulent tax return preparation business and while the IRS's investigation into Demesmin's personal income tax liabilities was ongoing, Demesmin organized Lou Lou Investments as a limited liability company. (*Id.* ¶ 20.) Throughout its existence, Demesmin has remained its sole member. (*Id.*) Dememsin created and used Lou Lou Investments for the purpose of evading his liabilities to the Government. (*Id.*) In June 2016, Demesmin transferred title to 4764 Coppola Drive, Mount Dora, Florida 32757 (the "Subject Property") to Lou Lou Investments for $100. (*Id.* ¶ 23.) The Subject Property was Demesmin's primary residence that he shared with his wife, Tamika Manning, until 2019, when he moved out of the residence after Demesmin and Manning separated.

**B. Procedural History**

On November 2, 2023, the United States ("Plaintiff") filed this action against Jean Demesmin, Lou Lou Investments, LLC, H.A. Capital Investments, LLC, Mcbrayer Investment Group, LLC, Tamika Manning, Stoneybrook Hills Homeowners Association, and Scott Randolph, the Orange County Tax Collector (collectively "Defendants"). (Doc. 1.) The United States Complaint asserts two claims. The first count is to reduce Demesmin's unpaid federal income tax liabilities to judgment, and the second count is to foreclose on the federal tax liens on the Subject Property. (*Id.*) Defendants H.A. Capital Investments, LLC, Mcbrayer Investment Group, LLC, Stoneybrook Hills Homeowners Association, and Scott Randolph, the Orange County Tax Collector (collectively, the "non-defaulted Defendants"), appeared in this case and filed Answers. (Docs. 15, 17, 38, 39.)

The United States and the non-defaulted Defendants stipulated and agreed that the Subject Property is subject to the federal tax liens arising from Demesmin's federal income tax liabilities, as outlined in the Complaint, and further stipulated to the order of priority of sale proceeds in the event the Subject Property is sold to satisfy the federal tax liens. (Doc. 44-1.) Relevant to the instant Motions, Defendants Jean Demesmin, Lou Lou Investments, LLC, and Tamika Manning have not appeared in this case, and the Clerk has entered a default against them. (Docs. 47, 48.) The Motions are now ripe for review.

## II.   STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant a default judgment. *See Tyco Fire & Sec., LLC*, 218 F. App'x at 863. Rather, a defaulted defendant is deemed to have admitted only the plaintiff's well-pleaded allegations of fact. *Id.* "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original). "Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic*, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). The party seeking default judgment against an individual must also comply with the requirements of the Servicemembers Civil Relief Act. 50 U.S.C. § 3931.

## III.   DISCUSSION

### A. Personal Jurisdiction

Upon review of the allegations in the Complaint, the undersigned finds that there is personal jurisdiction over Defendants. "'Personal jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process.'" *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003) (quoting *DeMelo v. Toche Marine,*

*Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)). The party moving for default judgment must demonstrate that a court has jurisdiction over the party against whom the default judgment is sought. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court . . . must assure itself of jurisdiction over the action and the parties.").

The undersigned finds that there is personal jurisdiction over Jean Demesmin and Tamika Manning because they are citizens of Florida. (Doc. 1 ¶¶ 3, 7.) Further, there is personal jurisdiction over Lou Lou Investments, LLC, because it is a Florida corporation and thus subject to suit in Florida.[3] (*Id.* ¶ 4).

### B. Subject Matter Jurisdiction

The United States alleges that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. §§ 7402 and 7403. (Doc. 1 ¶ 2.) In pertinent part, 28 U.S.C. § 1340 provides that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ." Additionally, 28 U.S.C. § 1345

---

[3] *Detail by Entity Name of* LOU LOU INVESTMENTS LLC, Division of Corporations, an official State of Florida website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=LOULOUINVESTMENTS%20L160001159980&aggregateId=flal-l16000115998-c30078be-1e16-4d22-9771-9df7cc9eb54c&searchTerm=Lou%20Lou%20Investments%2C%20LLC&listNameOrder=LOULOUINVESTMENTS%20L070000367140. (last visited May 17, 2024).

confers "original jurisdiction of all civil actions, suits or proceedings commenced by

the United States" to the district courts. Moreover, 26 U.S.C. § 7402 confers

"jurisdiction to make and issue in civil actions, writs and orders of injunction, and of

ne exeat republica, orders appointing receivers, and such other orders and processes,

and to render such judgments and decrees . . .  necessary . . . for the enforcement of

the internal revenue laws." Finally, 26 U.S.C. § 7403 provides, in pertinent part:

> In any case where there has been a refusal or neglect to pay
> any tax, or to discharge any liability in respect thereof,
> whether or not levy has been made, the Attorney General
> or his delegate, at the request of the Secretary, may direct a
> civil action to be filed in a district court of the United States
> to enforce the lien of the United States under this title with
> respect to such tax or liability or to subject any property, of
> whatever nature, of the delinquent, or in which he has any
> right, title, or interest, to the payment of such tax or liability.

28 U.S.C. § 7403(a). The presence or absence of federal-question jurisdiction is

governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction

exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation

omitted). Since the Complaint alleges that this is an action by the United States to

obtain a judgment for tax liabilities and to enforce a federal tax lien, federal question

jurisdiction is apparent on the face of the Complaint. (*See* Doc. 1).

## C. Service of Process

On December 7, 2023, Defendants Jean Demesmin and Lou Lou Investments,

LLC, were properly served pursuant to Florida Statutes §§ 48.062(5)(a) and

48.031(1)(a) when a co-resident over fifteen years of age residing at Demesmin's usual

place of abode accepted service after being informed of the contents in the service package. (Docs. 20, 21.) On December 17, 2023, Defendant Tamika Manning was properly served when she executed a Waiver of the Service of Summons form sent to her by the United States. (Doc. 25.) Defendants did not timely respond to the Complaint, and the United States moved for and was granted a Clerk's default against Defendants, which was entered on March 15, 2024. (Docs. 47, 48.)

### D. Venue

The United States alleges that venue is proper pursuant to 28 U.S.C. § 1391(b)(1)–(b)(2). (*Id.* ¶ 3.) Under 28 U.S.C. § 1391(b)(2), a civil action can be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Furthermore, under 28 U.S.C. § 1396, "[a]ny civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed." Thus, venue is appropriate in the Middle District of Florida, Orlando Division, in part because the Subject Property at issue is located in Orange County, which lies within this District. (*Id.*)

### E. Entitlement to Default Judgment

As stated above, the United States requests that the Court enter a default judgment against Jean Demesmin, Lou Lou Investments, LLC, and Tamika Manning, declaring that they have no interest in the Subject Property and that, if the Subject Property is sold, the sale will be free and clear of any interest of these Defendants, and

they will not share in the sale's proceeds. (Docs. 42 at 5; 43 at 6.)

Title 26, United States Code, Section 7403(a) grants a district court jurisdiction to hear disputes involving liens of the United States. As stated above, the rule states, in relevant part:

> "[T]he Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability."

26 U.S.C. § 7403(a). The United States must also name all "persons having liens upon or claiming any interest in the property involved" as parties in the action; only then may the court adjudicate the matters involved and determine the merits of the claims and liens. *Id.* § 7403(b), (c); *see also United States v. Christianson*, 414 F. App'x 218, 220 (11th Cir. 2011) (per curiam) (unpublished) ("[D]istrict courts have the right to order the sale of property encumbered by a tax lien, 26 U.S.C. § 7403(c), and 'to render such judgments and decrees as may be necessary or appropriate' to complete that sale, *id.* § 7402(a).'").

Relevant to the instant Motions, the United States named Jean Demesmin, Lou Lou Investments, LLC, and Tamika Manning as parties that might have a possible claim to the Subject Property. (Doc. 1, ¶¶ 3, 4, 7.) Though Jean Demesmin, Lou Lou Investments, LLC, and Tamika Manning were properly served, they failed to respond to the Complaint or otherwise assert an interest in the Subject Property. (Docs. 20, 21, 25.) As they have not asserted a claim against the Subject Property, despite having

notice and an opportunity to do so, they have not proven that they have a pursuable interest in the Subject Property. Consequently, the Court is permitted enter a default judgment finding that Jean Demesmin, Lou Lou Investments, LLC, and Tamika Manning have no interest in the Subject Property and that, in the event that a sale of the Subject Property is ordered, they are prohibited from taking any proceeds from the judicial sale of the Subject Property. Lastly, there is no evidence that the individual defaulted Defendants, Jean Demesmin and Tamika Manning, are minors or incompetent. The United States also provided evidence that these Defendants are not currently or were ever in the military by submitting status reports obtained from the database of the Department of Defense Manpower Data Center with the Motions. (Docs. 42-1 at 4; 43-2 at 4.)

Accordingly, the United States is entitled to default judgment against these persons and the entity. *United States v. Mandras*, No. 6:20-cv-164-WWB-EJK, 2021 WL 3508090, at *2 (M.D. Fla. Mar. 10, 2021) (internal citation omitted) (finding, in pertinent part, that the United States was entitled to a declaratory judgment that a defaulted § 7403(b) defendant had no interest in the subject properties and was not entitled to any sale proceeds); *United States v. Cornwell*, No. 6:18-cv-2194-Orl-22EJK, 2020 WL 674092, at *5 (M.D. Fla. Feb. 11, 2020) ("Because [the § 7403(b) party] has not asserted a claim to the [s]ubject [p]roperty by failing to file an answer or other pleading, the Court will enter judgment that [it] has no interest in the Subject Property and is not entitled to any proceeds upon the sale of the Subject Property."); *United States v. Jones*, No. 8:17–cv–2389–T–24 AEP, 2018 WL 2119155, at *2 (M.D. Fla. May

8, 2018) (entering default judgment against several creditors who failed to respond to complaint, finding they had no interest in subject properties).

The undersigned next examines whether a default judgment should be entered against Jean Demesmin, Lou Lou Investments, LLC, and Tamika Manning at this point in time, since the case is ongoing against the non-defaulted Defendants. In general, "in cases involving more than one defendant, a judgment . . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-CV-1054-ORL-28, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, No. 6:11-CV-1054-ORL-28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011). Here, the default is in the context of a lien enforcement, the non-defaulted Defendants have stipulated that Demesmin's federal tax liabilities attach to the Subject Property, and they further stipulated to the order of priority of sale proceeds in the event that the Subject Property is sold to satisfy the federal tax liens. (Doc. 44.) Therefore, I find that the Court may proceed with entering a declaratory judgment against Jean Demesmin, Lou Lou Investments, LLC, and Tamika Manning disclaiming their interests in the Subject Property, as this will not result in the risk of inconsistent judgments. *See Mandras*, 6:20-cv-00164-WWB-EJK, Doc. 50 (M.D. Fla. Mar. 11, 2021) (showing court entered judgment against defaulted creditor prior to resolving case as to all defendants).

**F. Entitlement to Final Judgment**

In this Motion, the United States requests that the Court enter a final judgment in this case determining that the Subject Property is subject to federal tax liens arising from the assessments levied by the IRS against Jean Demesmin in Count 1 of the Complaint (Doc. 1 ¶¶ 24–29) and that the Subject Property may be sold pursuant to 26 U.S.C. § 7403(c), with the sale proceeds to be distributed in accordance with the priorities established by the parties' stipulation (Doc. 44-1). (Doc. 44 at 3.)

Pursuant to 26 U.S.C. § 7403(c), a district court may order the sale of property subject to a federal tax lien and direct the distribution of the proceeds. *See U.S. v. Christansen*, 414 F. App'x 218, 220 (11th Cir. 2011) (stating that "district courts have the right to order the sale of property encumbered by a tax lien and 'to render such judgments and decrees as may be necessary or appropriate' to complete that sale"). Since the undersigned recommends that default be entered against Defendants Jean Demesmin, Lou Lou Investments, LLC, and Tamika Manning, and the non-defaulted Defendants have resolved any potential competing claims to the Subject Property by stipulating that Demesmin's federal tax liabilities attach to the Subject Property and further stipulating to the order of priority of sale proceeds in the event the Subject Property is sold to satisfy the federal tax liens, I further recommend that the Court enter a final judgment in this matter that acknowledges that the Subject Property is subject to federal tax liens arising from the assessments levied by the IRS against Jean Demesmin in Count 1 of the Complaint (Doc. 1 ¶¶ 24–29), that the property may be sold pursuant to 26 U.S.C. § 7403(c), and that the sale proceeds must be distributed in

accordance with the priorities established by the parties' stipulation (Doc. 44-1).

IV.    RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Motions by United States for Default Judgment against Tamika Manning (Doc. 42), Jean Demesmin, and Lou Lou Investments, LLC, (Doc. 43); and

2. **ENTER** a default judgment **DECLARING** that Jean Demesmin, Lou Lou Investments, LLC, and Tamika Manning have no interest in the Subject Property and, in the event that a sale of the Subject Property located at 4764 Coppola Drive, Mount Dora, Florida 32757 is ordered, that Jean Demesmin, Lou Lou Investments, LLC, and Tamika Manning are prohibited from taking any proceeds from the judicial sale of the Subject Property; and

3. **GRANT** the Motion by United States for Final Judgment (Doc. 44) as follows:

    a. Defendant Jean Demesmin is indebted to the United States for unpaid federal income tax liabilities for tax years 2011, 2012, 2013, and 2014, and for a penalty pursuant to IRC § 6701 for the 2012 tax period, in the total amount of $7,991,358.13 as of August 28, 2023, plus fees and statutory additions thereon as provided by law from that date to the date of payment in full pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6621–22;

b.  Federal tax liens arose against Defendant Jean Demesmin for unpaid federal income tax liabilities for tax years 2011, 2012, 2013, and 2014, as well as for a penalty pursuant to IRC § 6701 for the 2012 tax period, and attached to the Subject Property;

c.  The Subject Property located at 4764 Coppola Drive, Mount Dora, Florida 32757 is to be sold, free and clear of Jean Demesmin, Lou Lou Investments, LLC, and Tamika Manning's purported interests, at public auction pursuant to a decree of foreclosure and order of sale, a motion for which shall be submitted to the Court within a timeframe established by the presiding District Judge; and

d.  The net proceeds of the sale of the Subject Property shall be distributed pursuant to the United States and the non-defaulted Defendants' stipulation (Doc. 44-1) as follows:

   i.  To the United States for the costs of sale;

   ii.  To Scott Randolph, the Orange County Tax Collector, for any liens for outstanding real property taxes and special assessment liens entitled to priority under U.S.C. § 6323(b)(6)(A)–(C);

   iii.  To the United States for application to the indebtedness underlying the federal tax liens;

   iv.  To Stoneybrook Hills Homeowners Association, Inc., for any outstanding liens for homeowners' association dues; and

   v.  Any remainder to H.A. Capital Investments, LLC, and Mcbrayer

Investment Group, LLC.

## **NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on June 20, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE