UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No: 6:23-cv-2128-JSS-EJK

JEAN DEMESMIN, LOU LOU
INVESTMENTS, LLC and TAMIKA
MANNING,

    Defendants.
_____/

## **ORDER**

Plaintiff moves for final default judgment against Defendant Tamika Manning (Dkt. 42), for final default judgment against Defendants Jean Demesmin and Lou Lou Investments, LLC (Dkt. 43), and for entry of final judgment based on the parties' stipulation determining that the property located at 4764 Coppola Drive, Mount Dora, Florida (Subject Property) is subject to federal tax liens arising from the assessments against Demesmin and that the property may be sold pursuant to 26 U.S.C. § 7403(c), with the sale proceeds to be distributed in accordance with the priorities established by the parties' stipulation (Dkt. 44). On June 20, 2024, Magistrate Judge Embry Kidd entered a Report and Recommendation recommending that the motions be granted and that final judgment be entered in favor of Plaintiff. (Dkt. 58.) No party has filed objections to the Report and Recommendation and the time to do so has passed. Upon

consideration, the Report and Recommendation is adopted in full and Plaintiff's motions are granted.

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. A party must serve and file written objections to such proposed findings and recommendations within 14 days of being served with a copy of the report and recommendation and the failure to timely object "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. With respect to non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed."). Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Upon conducting a careful and complete review of the Magistrate Judge's findings, conclusions, and recommendations, and giving de novo review to matters of law, the court adopts the Report and Recommendation in full.

Accordingly:

1. Plaintiff's Motion for Default Judgment against Tamika Manning (Dkt. 42) is **GRANTED**.

2. Plaintiff's Motion for Default Judgments against Jean Demesmin and Lou Lou Investments, LLC (Dkt. 43) is **GRANTED**.

3. The Clerk of Court is directed to enter final default declaratory judgment against Defendants Tamika Manning, Jean Demesmin, and Lou Lou Investments, LLC declaring that they have no interest in the Subject Property located at 4764 Coppola Drive, Mount Dora, Florida 32757 and are prohibited from taking any proceeds from the judicial sale of the Subject Property.

4. Plaintiff's Motion for Final Judgment (Dkt. 44) is **GRANTED**.

5. The Clerk of Court is further directed to enter final judgment in this matter as follows:

    a. On Count 1 of the Complaint, final default judgment is entered against Defendant Jean Demesmin for federal income tax liabilities for the years 2011, 2012, 2013, and 2014, and for a penalty assessed pursuant to 26 U.S.C. § 6701 for the 2012 tax period, in the amount of $7,991,358.13 as of August 28, 2023, plus

    fees and statutory additions accruing thereon as provided by law from that date to the date of payment in full pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6621–22;

b. Federal tax liens arose against Defendant Jean Demesmin for unpaid federal income tax liabilities for tax years 2011, 2012, 2013, and 2014, as well as for a penalty pursuant to 26 U.S.C. § 6701 for the 2012 tax period, and attached to the Subject Property;

c. The Subject Property located at 4764 Coppola Drive, Mount Dora, Florida 32757 is to be sold, free and clear of Jean Demesmin, Lou Lou Investments, LLC, and Tamika Manning's purported interests, at public auction pursuant to a decree of foreclosure and order of sale, a motion for which shall be submitted to the court **within 60 days**; and

d. The net proceeds of the sale of the Subject Property shall be distributed pursuant to the United States' and the non-defaulted Defendants' stipulation (Dkt. 44-1) as follows:

    i. To the United States for the costs of sale;

    ii. To Scott Randolph, the Orange County Tax Collector, for any liens for outstanding real property taxes and special assessment liens entitled to priority under U.S.C. § 6323(b)(6)(A)–(C);

- 5 -

      iii. To the United States for application to the indebtedness underlying the federal tax liens;

      iv. To Stoneybrook Hills Homeowners Association, Inc., for any outstanding liens for homeowners' association dues; and

      v. Any remainder to H.A. Capital Investments, LLC, and Mcbrayer Investment Group, LLC.

6. The Clerk of Court shall thereafter **CLOSE** this case.

**ORDERED** in Orlando, Florida, on July 9, 2024.

*[Signature]*
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record